# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# SOUTHERN DIVISION

Miguel Quiroz  
7807 Berry Place  
District Heights, MD 20747  

   Plaintiff,

v.

                 C.A. No. _____

                 **JURY TRIAL DEMANDED**

Empirian Village of Maryland, LLC  
1719 Route 10 East, Suite 220  
Parsippany, New Jersey 07054-4537  

   Defendant

  Serve:

  CSC – Lawyers Incorporating Service Inc.  
  7 St. Paul Street  
  Suite 820  
  Baltimore, MD 21202

* * * * * * * * * * * * *

## **COMPLAINT**

Plaintiff, Miguel Quiroz, by way of his attorneys, Ejike H. Obineche, Esquire, and Obineche Law Firm, files this Complaint and avers as follows:

## NATURE OF THE ACTION

This is an employment civil rights case involving deprivation of rights, made actionable pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 et seq., and 42 U.S.C. §1981 of the Civil Rights Act of 1991.

## JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1402, since the employment practices alleged to be unlawful were committed by Defendant and its agents within the state of Maryland, and the United States District Court for the District of Maryland maintains jurisdiction because Defendant does business within the jurisdiction of this Court.

## PARTIES

2. Miguel Quiroz (hereinafter "Plaintiff") is a Hispanic-American and a resident of Maryland.

3. At all relevant times, Empirian Village of Maryland, LLC (hereinafter "Defendant") was registered to do business in the state of Maryland and had at least 15 employees.

## ADMINISTRAIVE PREREQUISITES

4. Plaintiff timely filed charge of employment discrimination against Defendant with the United States Equal Employment Opportunity Commission, on or about August 25, 2021, as reflected in Plaintiff's *Exhibit* 1 incorporated as part of his Complaint. Plaintiff received a Notice of Right to Sue within ninety days of filing this complaint, which is attached hereto as Plaintiff's *Exhibit* 2.

## FACTS

5. In December 2018, Plaintiff was hired as the Turns Supervisor in Defendant's maintenance department at Franklin Park residential properties in Greenbelt, Maryland.

6. As Turns Supervisor, Plaintiff's main duty was to ensure that vacated apartments were appropriately prepared for leasing to new tenants.

7. From the time he was hired until on or about April 17, 2020, Timeka Anderson was the Senior Regional Manager at Franklin Park and Plaintiff's direct supervisor.

8. Sometime in April 2020, Brad Anderson became the maintenance manager at Franklin Park and Plaintiff's direct supervisor.

9. At all relevant times, Ms. Gail Comfort was the Vice President of Operation at Franklin Park, and Brad Anderson's direct supervisor.

10. On or about June 29, 2020, a woman, who works for a company contracted by the Defendant to provide cleaning services at the Franklin Park residential property, approached Plaintiff crying profusely.

11. The woman explained to Plaintiff that she was being sexually harassed by Brad Anderson, Plaintiff's supervisor.

12. The woman further stated that Mr. Anderson had been following her around the property for several days and sent her unsolicited text messages and asked her to come and clean his house in Columbia, Maryland.

13. According to the woman, on one of the occasions that she was followed by Mr. Anderson, a female colleague asked her why he was following her around the property.

14. Plaintiff asked the woman why she has not reported Mr. Anderson's behavior to his superior, and she told him that it was because she was afraid to lose her job.

15. Plaintiff went to Mr. Anderson on the morning of June 30, 2020, and informed him that there was a woman who approached him crying because she was afraid of him. Plaintiff, however, did not disclose the woman's name to Mr. Anderson.

16. On the same day, June 30, 2020, the Vice President of Operation, Gail Comfort, learned of the meeting Plaintiff had with Mr. Anderson regarding the woman's complaint and ordered Plaintiff to produce the woman the following day.

17. On July 1, 2020, the woman and Plaintiff met with Ms. Comfort to discuss her complaint against Mr. Anderson.

18. During the meeting on July 1, 2020, Ms. Comfort verbally attacked Plaintiff and told him that he had a "history and therefore should not be involved in reporting someone else's sexual harassment issue".

19. Ms. Comfort further told Plaintiff during the meeting that she did not believe that Mr. Anderson would sexually harass the woman because she was a "worker bee" and not the type of woman Mr. Anderson would go after. Plaintiff was very surprised and disappointed by Ms. Comfort's statement.

20. On July 2, 2020, Ms. Comfort called Plaintiff and informed him that his employment was being terminated.

21. Plaintiff asked Ms. Comfort why he was being let go but never received a straight-forward answer.

22. Defendant never informed Plaintiff that his job was in jeopardy prior to his termination on July 2, 2020.

23. Mr. Brad Anderson, who is a white male, and was accused of sexually harassing the woman, never lost his job as a result of that complaint.

24. The effect of the practices complained above has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee because he reported behavior prohibited under Title VII of the Civil Rights Act.

25. As a direct and proximate cause of these violations of his rights under Title VII, Plaintiff has suffered damages, without limitation, medical and wage earnings. In addition, he has suffered humiliation, emotional pain, anxiety, stress, loss of enjoyment of life, depression, and inconvenience.

26. The unlawful employment practices complained of above were intentional.

27. The unlawful employment practice complained of in paragraph 20 above was done with malice or with reckless indifference to the federally protected rights of the Plaintiff.

## COUNT I
## RETALIATION

28. Paragraphs 1 through 27 are hereby incorporated by reference into this count.

29. Because Plaintiff reported sexual harassment by Mr. Anderson, conduct prohibited by Title VII, he was called into the office by Ms. Comfort and summarily fired.

30. As a result of this retaliation, Plaintiff suffered stress from losing his job, damage to his career and reputation, lost wages and fringe benefits, and mental and physical pain and suffering.

## COUNT II
## VIOLATION OF 42 U.S.C. SECTION 1981 – RACE DISCRIMINATION

31. Plaintiff fully incorporates paragraphs 1 – 30 as set forth above.

32. Defendant, through its agents or supervisors, unlawfully discriminated against Plaintiff in his employment because of his race, without cause or justification, in violation of 42 U.S.C. § 1981 of the Civil rights of 1964, as amended.

33. As a direct and proximate result of the illegal employment discrimination by

Defendant, Plaintiff has suffered, and continues to suffer severe pain and suffering, extreme mental anguish, and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

## COUNT III
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff fully incorporates paragraphs 1 – 33 as set forth above.

35. Plaintiff endured intentional, extreme, and outrageous behavior at the hands of Defendant. Such act included telling Plaintiff in the presence of other employees that he was unqualified to report acts of sexual harassment because of his "history".

36. Defendant's conduct, acts, and omissions were extreme and outrageous, and exceeded all bounds of human decency. Such conduct, acts, and omissions proximately caused Plaintiff to suffer extreme and severe emotional distress, and merit award of punitive damages against Defendant.

## COUNT IV
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37. Plaintiff fully incorporates paragraphs 1 – 36 as set forth above.

38. Plaintiff alleges negligent infliction of emotional distress based upon the discriminatory and retaliatory conduct of Defendant.

39. Defendant engaged in negligent conduct and willfully violated statutes with regard to discrimination and retaliation. Such violations caused Plaintiff to suffer emotional distress, which resulted in his need to seek mental health care.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Honorable Court grant the following:

a) For such damages, including back pay and benefits, overtime compensation, costs, and reasonable attorney's fees as Plaintiff is entitled to under Title VII of the Civil Rights Act.

b) For such damages, including back pay and benefits, overtime compensation, costs, and reasonable attorney's fees as Plaintiff is entitled to under 42 U.S.C. § 1981.

c) Award Plaintiff compensatory damages for back pay, front pay and benefits, and other compensation in an amount not less than what is deemed appropriate by the Court.

d) Punitive damages in an amount to be determined by the jury.

e) Grant such other relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

The Plaintiff requests a jury trial for all issues proper to be so tried.

Respectfully Submitted,

Obineche Law Firm, LLC

_____//s//_____
Ejike H. Obineche, Esq.
MD Bar No. 14726
6305 Ivy Lane
Suite 640
Greenbelt, MD 20770
301-479-1222 phone
301-479-1232 fax
eho@obinechelaw.com

Named is the Employer, Labor Organization, Employment Agency Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| **FIELDSTONE PROPERTIES - FRANKLIN PARK APARTMENTS** | 201 - 500 | (301) 474-1600 |

Street Address | City, State and ZIP Code
**6220 SPRINGHILL DRIVE, GREENBELT, MD 20770**

| Name | No. Employees, Members | Phone No. |
|---|---|---|
|  |  |  |

Street Address | City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[X] RETALIATION  [ ] AGE  [ ] DISABILITY  [ ] GENETIC INFORMATION
[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-02-2020    Latest: 07-02-2020

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*



I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

**Digitally signed by Miguel Quiroz on 08-25-2020 06:20 PM EDT**

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(month, day, year)*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>531-2020-02613 |
|---|---|---|

PRINCE GEORGES COUNTY HUMAN RELATIONS COMMISSION and EEOC
*State or local Agency, if any*

**I.** I worked for the above referenced employer as Manager. On July 1, 2020, I participated in a sexual harassment complaint which was filed by an employee from the Property. I assisted by translating what I knew about the situation to VP Gail Comfort. On July 2, 2020, I was discharged.

**II.** I was told that my job was eliminated.

**III.** I believe that I was discriminated and retaliated against for engaging in a protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, concerning discharge.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Miguel Quiroz on 08-25-2020 06:20 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| **To:** Miguel A. Quiroz<br>7807 Berry Place<br>Forestville, MD 20747 | **From:** Baltimore Field Office<br>G.H. Fallon Federal Building<br>31 Hopkins Plaza, Suite 1432<br>Baltimore, MD 21201 |

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 531-2020-02613 | Janel S. Griffin, Investigator | (410) 801-6699 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)　　　Rosemarie Rhodes,<br>Director　　　08/17/2021<br>*(Date Issued)*

cc:  Thomas L. McCally　　　　　　　　　Ejike Obineche Esq.<br>CARR MALONEY P.C.　　　　　　　Obineche Law Firm<br>2020 K Street, NW, Suite 850　　　　6305 Ivy Lane, Suite 640<br>Washington, DC 20006　　　　　　　Greenbelt, MD 20770



Enclosure with EEOC

# Information Related to Filing Suit
## Under the Laws Enforced by the EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other provisions of State law may be shorter or more limited than those described below.)*

**Private Suit Rights** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was issued** to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**Private Suit Rights** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 -- *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**Attorney Representation** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**Attorney Referral and EEOC Assistance** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

**If you file suit, please send a copy of your court complaint to this office.**