# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND
# (SOUTHERN DIVISION)

| | | |
|---|---|---|
| **MIGUEL QUIROZ,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| v. | * | Civil Case No. 8:21-cv-02638-AAQ |
| | * | |
| **EMPIRIAN VILLAGE** | * | |
| **OF MARYLAND, LLC,** | * | |
| | * | |
| **Defendant.** | * | |

## MEMORANDUM OPINION

This is a dispute over the end of an employment relationship between Plaintiff Miguel Quiroz ("Plaintiff") and Defendant Empirian Village of Maryland, LLC ("Empirian"). Mr. Quiroz alleges that Empirian, the Maryland based owner of the Franklin Park at Greenbelt Station Apartments, violated 42 U.S.C. § 1981 of the Civil Rights Act of 1964 as amended, 42 U.S.C. §§ 2000e to 2000e-17, by retaliating and racially discriminating against him, and intentionally and negligently causing him emotional distress. Defendant seeks to dismiss Plaintiff's racial discrimination and emotional distress claims, but does not challenge Plaintiff's retaliation claim. This court has jurisdiction under 28 U.S.C. § 1331.

For the reasons discussed below, Defendant's Motion shall be GRANTED IN PART and DENIED IN PART.

**Background**

Empirian maintains a residential property known as the Franklin Park at Greenbelt Station Apartments in Greenbelt, Maryland (the "Property").[1]  (Compl., ECF No. 1, at ¶ 5).  Plaintiff was hired as the Turns Supervisor in the maintenance department of the Property in December 2018.  (*Id*.).  In this role, Plaintiff was responsible for ensuring vacated apartments met appropriate standards for leasing to new tenants.  (*Id*. at ¶ 6).  In April 2020, Brad Anderson, a white man, became the maintenance manager and Plaintiff's direct supervisor.  (*Id*. at ¶ 8).  Mr. Anderson reported directly to Gail Comfort, Empirian's Vice President of Operations at Franklin Park.  (*Id*. at ¶ 9).

On or about June 29, 2020, Plaintiff alleges he spoke with an unidentified woman (the "Woman") providing cleaning services at the Property through a third-party contractor.  According to Plaintiff, the Woman reported being subject to sexually harassing behavior by Plaintiff's supervisor, Brad Anderson, including being followed around the Property and having been sent unsolicited text messages.  (*Id*. at ¶¶ 10-12).

On the morning of June 30, 2020, Plaintiff reported the Woman's concerns to Mr. Anderson.  (*Id*. at ¶ 15).  Later that day, Ms. Comfort – Mr. Anderson's direct supervisor – contacted Plaintiff, ordering him to produce the Woman the following day.  (*Id*. at ¶ 16).

On July 1, 2020, the Woman, Plaintiff and Ms. Comfort met in person.  (*Id*. at ¶ 17).  During this meeting, Plaintiff alleges that Ms. Comfort informed him that he had a "history" and therefore should not report issues of sexual harassment.  (*Id*. at ¶ 18).  Ms. Comfort also allegedly expressed concern regarding the accuracy of the Woman's allegations against Mr. Anderson.  (*Id*. at ¶ 19).

---

[1] Because the case is currently before the Court on Defendant's Motion to Dismiss, I accept all well-pled allegations as true for the purpose of deciding this Motion.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On July 2, 2020, Ms. Comfort terminated Plaintiff's employment with Empirian. (*Id*. at ¶ 20). Plaintiff alleges that before that day, "Defendant never informed [him] that his job was in jeopardy[.]" (*Id*. at ¶ 22).

On October 14, 2021, Plaintiff filed the present lawsuit raising the claims described above. On November 12, 2021, Defendant filed the motion to dismiss presently before the Court.

**Standard of Review**

Fed. R. Civ. P. 12(b) provides that a party may move to dismiss claims where there is "failure to state a claim upon which relief can be granted." When ruling on a motion to dismiss, the court considers whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). The court will consider whether the plaintiff has pled factual content allowing reasonable inferences to be drawn that the defendant is "liable for the misconduct alleged." *Id.* The plaintiff need not plead facts that are probable, but must present facts showcasing more than a "sheer possibility" that the conduct perpetuated by a defendant is unlawful. *Id.* Indeed, Plaintiff has an obligation to provide more than "a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555. Pleadings that present "no more than conclusions" will not be "entitled to the assumption of truth." *Iqbal,* 556 U.S. at 679.

**Discussion**

Defendant asks the Court to dismiss three of Plaintiff's claims. Although I find that dismissal is proper regarding Plaintiff's claims for intentional and negligent infliction of emotional distress, Defendant's arguments regarding Plaintiff's claim for racial discrimination are unavailing.

3

A. **Racial Discrimination in Violation of 42 U.S.C. § 1981.**

Count II of Plaintiff's Complaint alleges that Defendant unlawfully discriminated against Plaintiff in his employment on the basis of his race. In order to plead a *prima facia* case of discrimination under 42 U.S.C. § 1981, the Plaintiff must allege: (i) membership in a protected class; (ii) satisfactory job performance; (iii) adverse employment action; and (iv) different treatment from similarly situated employees outside the protected class. *Coleman v. Maryland Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010). Defendant asserts that Plaintiff has failed to sufficiently plead elements (ii) and (iv), namely that Plaintiff was performing his job in a satisfactory manner and that employees outside his protected class, similarly situated, received differential treatment. For the reasons discussed below, I find Defendant's specific arguments challenging these elements to be unavailing.

    1. **Plaintiff Has Sufficiently Pled Facts from which Satisfactory Job Performance Can Be Inferred.**

Plaintiff must plead facts from which the Court can infer that "'at the time of [his] dismissal, [he] was performing [his] job in a way that met the legitimate expectations of [the defendant].'" *Ramseur v. Concentrix CVG Customer Management Group Inc.,* 467 F.Supp.3d 316, 324 (W.D.N.C. 2020) (quoting *Reid v. Dalco Nonwovens, LLC,* 154 F.Supp. 3d 273, 285 (W.D.N.C. 2016)). Employees are not required to show that they are "perfect or model" employees. *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 225 (4th Cir. 2019) (quoting *Warch v. Ohio Cas. Ins. Co.*, 435 F.3d 510, 515-16 (4th Cir. 2006)).

Plaintiff pleads that he was never informed by Defendant "that his job was in jeopardy prior to his termination…" (ECF No. 1, at ¶ 22). Based on this allegation, a reasonable inference can be made that Plaintiff was performing his job satisfactorily. It is reasonable to infer that if an employee has been performing his job for almost eighteen months without being informed it was

at risk, he had been performing satisfactorily. Had his performance been less than satisfactory, it can reasonably be inferred his employer would have informed him of such and the resulting consequences at some point over the course of his eighteen months working there. Courts, drawing similar inferences based on similarly brief allegations, have found that plaintiffs sufficiently alleged satisfactory job performance at the motion to dismiss stage. *See Parker v. Children's National Medical Center, Inc.*, No. ELH-20-3523, 2021 WL 5840949, at *10 (D. Md. Dec. 9, 2021) (finding that where plaintiff asserted that she was "abruptly" fired and defendant "did not identify any particular deficiencies in plaintiffs' job performance" plaintiff had alleged satisfactory job performance); *Mason v. Sun Recycling, LLC*, No. GLS-18-2060, 2020 WL 1151046, at *1 (D. Md. Mar. 9, 2020) ("While Plaintiff does not affirmatively state that his performance was satisfactory, construing the evidence in the light most favorable to Plaintiff, Sun Recycling initially fired him ostensibly for throwing the rock, yet it then rehired him roughly two weeks later without explanation. The reasonable inference is that his job performance was satisfactory[.]"); *Tafazolli v. Nuclear Regulatory Commission*, No.PWG-19-321 & PWG-19-1638, 2020 WL 7027456, at *12 (D. Md. Nov. 30, 2020) (finding that Plaintiff had sufficiently pled satisfactory performance where facts alleged were brief).

To require Plaintiff to specifically allege that "he was performing his job in a satisfactory manner", as Defendant argues (Mem. of Points and Authorities in Supp. of Def.'s Mot. to Dismiss, ECF No. 9-1, at 3), would elevate form over substance. *See Schwenke v. Ass'n of Writers & Writing Programs*, 510 F.Supp.3d 331, 336 (D. Md. 2021) (rejecting Defendant's sole argument for dismissal which gave "'unlawful pretext' and 'but for' undue, talismanic qualities by treating the absence of these words as fatal to Plaintiff's claims.") (internal quotation marks omitted). It would require a plaintiff to use a particular phrase in place of the baseline facts which are directly

within his knowledge – in this case, that he was unaware that his job was at risk. In fact, courts have dismissed plaintiffs' claims where they pled precisely what Defendant asks and nothing more. *See Johnson v. United Parcel Service, Inc.*, No. RDB–14–4003, 2015 WL 4040419, at *9 (D. Md. June 30, 2015) ("Although she alleges that, [d]uring all relevant times of the Complaint, Plaintiff performed her duties in a satisfactory manner," such conclusory statements do not permit the plaintiff's claim to "rise above speculation.") (internal citations omitted).

Defendant presents a single case in support of its position. (Def.'s Reply Mem., ECF No. 15, at 2) (citing *Sauer v. SKICO, Inc.*, No. 3:06-CV-470-RLM, 2008 WL 833145, at *6 (N.D. Ind. Mar. 27, 2008)). The case is easily distinguishable in that the plaintiff in that case conceded his failure to follow his employer's "explicit directions." *Id.* at *6. Mr. Quiroz has made no such concession here. In addition to these limitations, the case is of limited applicability to this situation as it concerned whether, upon a motion for summary judgment, the plaintiff had presented sufficient evidence establishing – not pleading – satisfactory job performance. *Id.* ("Looking at the presented evidence of Mr. Sauer's performance around the time of his termination, he did not perform his duties to keep the meat department clean, in compliance with the health code."). This case is not before the Court upon a motion for summary judgment and, accordingly, Plaintiff, in this case, does not bear the same burden.

Accordingly, Plaintiff has presented sufficient facts at this stage of proceedings regarding element (ii) to allow his claim to move forward.

### 2. Plaintiff Has Sufficiently Pled a Similarly Situated Comparator.

As to element (iv), when a plaintiff asserts a theory of discrimination "by comparison to employees from a non-protected class" they must demonstrate that the similarly situated individual, also known as a comparator, was "'similarly situated' in all relevant respects."

*Witherspoon v. Brennan,* 449 F.Supp.3d 491, 500 (D. Md. 2020) (quoting *Johnson v. Balt. City Police* Dep't, No. ELH-12-2519, 2014 WL 1281602, at *19 (D. Md. Mar. 27, 2014)). Comparators need not be exactly equivalent to the plaintiff but there must be sufficient similarity between them to allow for comparison. *Id.* at 501. Several factors are taken into consideration by the courts in determining whether employees are similarly situated. These factors include job descriptions, standards, subordination to supervisors, and qualifications. *Spencer v. Virginia State University*, 919 F.3d 199, 207 (4th Cir. 2019) (quoting *Bio v. Fed Express Corp.*, 424 F.3d 593, 597 (7th Cir. 2005)). Indeed, one important factor as to whether a comparator exists is to evaluate the relationship between the employees in question and their supervisors, notably if they both "dealt with" and/or are "subordinate to" the same supervisor. *See Spencer,*, 919 F.3d at 207; *Thomas v. City of Annapolis,* 851 Fed.App'x 341, 346-47 (4th Cir. 2021).

Plaintiff and Defendant dispute whether Mr. Anderson is a sufficient comparator for the purposes of Plaintiff pleading a *prima facie* case of racial discrimination. Defendant argues that "by definition," a plaintiff's supervisor can never be a similarly situated comparator in a Title VII case. (ECF No. 15, at 1). Accordingly, because Plaintiff's supervisor was "Mr. Anderson" and "Mr. Anderson" was supervised by "Ms. Comfort," (ECF No. 9-1, at 4), Defendant argues that, on this basis alone, they are not similarly situated.[2]

---

[2] Defendant raises two additional points, in brief. First, Defendant argues that Plaintiff's claim is dependent on the allegation that Mr. Anderson sexually harassed the Woman. (ECF No. 15, at 1-2). Accordingly, Defendant argues that if Mr. Anderson was cleared Defendant could have justifiably continued to employ him. (*Id*. at 2). While Mr. Anderson may or may not have been cleared, it is not apparent, nor does Defendant explain why, Mr. Anderson being cleared would justify the firing of Plaintiff or otherwise make Mr. Anderson an inappropriate comparator. This point would have greater value if a discharged plaintiff and a comparator had both been accused, but only the plaintiff would have been found to have committed the act in question – thus, providing a basis for his dismissal. Second, Defendant argues that "Mr. Anderson is not alleged to have engaged in the same behavior Plaintiff engaged in." (ECF No. 9-1, at 4). On the basis of the filings, it is not possible to determine what behavior Defendant is referring to. Plaintiff's

The relevant precedents do not support the adoption of the bright line rule Defendant asserts. Empirian relies primarily on this Court's decision granting defendant's motion for summary judgment in *Oguezuonu v. Genesis Health Ventures, Inc.*, 415 F. Supp.2d 577 (D. Md. 2005). In *Oguezuonu*, the plaintiff alleged that her former employer demoted and then terminated her because of her national origin. *Id*. at 580. The defendant in that case justified its demotion of the plaintiff on the basis that, based on evidence produced in discovery, it had counseled her several times concerning the repeated failure of employees under plaintiff's supervision to perform essential duties. *See id.* at 581 (citing deposition testimony to this point). The Court rightly rejected the plaintiff's attempts to compare herself to her white subordinates, not because a supervisor could never be an adequate comparator, but given that Defendant specifically adduced testimony that Plaintiff had failed to properly supervise her subordinates, other employees who had no such management responsibilities were not proper comparators. *Id*. at 584-85 ("[H]er subordinates are not "similarly-situated" employees *for the purpose of establishing whether Plaintiff's demotion for failure to properly supervise employees was discriminatory*.") (emphasis added). This case is not before the Court on a motion for summary judgment; nor is the Plaintiffs' supervision of subordinates, or lack thereof, relevant to his claim as pled.

Ultimately, whether a supervisor may be a similarly situated comparator for the purposes of a racial discrimination claim requires an analysis of the claim and facts alleged in each case. The relevant question is not simply whether the Plaintiff and comparator were in different positions, but whether they dealt with, and thus, could be subject to discipline by the same supervisor. *See Hurst v. District of Columbia*, No. PWG-12-2537, 2015 WL 1268173, at *3 (D.

---

Complaint references only his conduct in reporting the allegations against Mr. Anderson which does not provide a basis to have treated Plaintiff any differently than Mr. Anderson.

Md. Mar. 16, 2015) (granting motion to dismiss where Plaintiff and comparator were subject to discipline by different supervisors). In this case, Plaintiff alleges that he met with Ms. Comfort – Mr. Anderson's direct supervisor – to discuss the allegations of sexual harassment against Mr. Anderson. (ECF No. 1, at ¶¶ 17-19). Shortly thereafter, Ms. Comfort terminated Plaintiff who is Hispanic-American, while allowing her supervisee, Mr. Anderson, who is white, to continue working. (ECF No. 1, at ¶¶ 20-23). Accepting Plaintiff's allegations as true, the Court can reasonably infer that both Plaintiff and his comparator "dealt with", were "subordinate to", and subject to discipline by the same supervisor – Ms. Comfort, and thus were similarly situated for the purpose of Plaintiff's pleading of a racial discrimination claim.

Defendant may be able to show, as the case progresses, that Plaintiff and his comparator were not sufficiently similarly situated due to material differences that are relevant to the specific allegations in this case, including but not limited to, differing responsibilities and performance histories relating to those differing responsibilities. At this point in time, those differences, if they exist, are not before the Court. As a result, the Motion will be denied as to Count II.

**B. Plaintiff Has Not Sufficiently Pled a Claim for Intentional Infliction of Emotional Distress.**

Four elements are required to establish a cause of action for IIED: (i) the conduct must be intentional or reckless; (ii) the conduct must be extreme or outrageous; (iii) there must be a causal connection between the wrongful conduct and the emotional distress; and (iv) the emotional distress must be severe. *Brengle v. Greenbelt Homes, Inc.*, 804 F.Supp.2d 447, 452 (D. Md. 2011) (quoting *Harris v. Jones*, 281 Md. 560, 566 (1977)). When attempting to make such a showing, plaintiffs need to plead with specificity, as reciting "in conclusory form the bare elements of an intentional infliction of emotional distress claim" will not do. *Vance v. CHF Intern*, 914 F.Supp.2d 669, 683 (D. Md. 2012). Moreover, the tort of IIED should be used "sparingly." *Adams v.*

*Cameron*, No.TDC-20-3739, 2021 WL 5280978, at *9 (D. Md. Nov. 12, 2021) (quoting *Bagwell v. Peninsula Reg'l Med. Ctr.*, 665 A.2d 297, 319 (Md. 1995)).

Here, Plaintiff relies primarily on his allegation that he was subject to "intentional, extreme, and outrageous behavior at the hands of Defendant," that such conduct was "extreme and outrageous, and exceeded all bounds of human decency," and that the conduct "proximately caused Plaintiff to suffer extreme and severe emotional distress." (ECF No. 1, at ¶¶ 35-36). This assertion does no more than recite the elements of an IIED claim. The only additional evidence Plaintiff provides for this claim is toward the first element, noting that the intentional act included "telling Plaintiff in the presence of other employees that he was unqualified to report acts of sexual harassment because of his 'history.'" (*Id.* at ¶ 35).

Putting aside whether this is sufficient to establish the first element, Defendant has made no attempt to plead any specific facts related to the fourth element – the extreme emotional distress this conduct allegedly caused. (*See id.* at ¶ 25) (stating only generally that Plaintiff suffered pain, anxiety, and humiliation). *See Manikhi v. Mass Transit*, 758 A.2d 95, 115 (Md. 2000) ("A plaintiff must state with reasonable certainty the nature, intensity, or duration of the emotional injury). Accordingly, even if the conduct alleged was sufficient to satisfy the first element, Plaintiff's claim must fail.

For the reasons stated above, the Motion will be granted as to Count III.

C. **Negligent Infliction of Emotional Distress**

Finally, Defendant correctly notes that under Maryland law, there is no recognized tort for negligent infliction of emotional distress. *Bond v. U.S. Postal Service Federal Credit Union*, 164 F.Supp.3d 740, 750 (D. Md. 2015). As such, Count IV of Plaintiff's Complaint must be dismissed.

**Conclusion**

For the foregoing reasons it is hereby:

ORDERED THAT Defendant's Motion be GRANTED IN PART and DENIED IN PART;

ORDERED THAT Counts III and IV of the Complaint are hereby dismissed with prejudice.

The clerk shall enter judgment accordingly.

So ordered.

Dated: May 3, 2022                              _____/s/_____
                                                Ajmel A. Quereshi
                                                United States Magistrate Judge